

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Vantage Technologies Knowledge Assessment, LLC, d/b/a Vantage Learning, | |
| Plaintiffs, | Civil Action No. 08-4743 |
| v. | |
| College Entrance Examination Board, | FILED |
| Defendant. | |

## NOTICE OF REMOVAL

To the United States District Court
for the Eastern District of Pennsylvania:

**PLEASE TAKE NOTICE** that College Entrance Examination Board ("College Board"), defendant in the above-captioned matter, hereby notices the removal of the civil action filed under the caption *Vantage Technologies Knowledge Assessment, L.L.C., d/b/a Vantage Learning, a Limited Liability Company v. College Entrance Examination Board* (the "Pennsylvania State Action") from the Court of Common Pleas of Bucks County, Pennsylvania Civil Division, File No. 0806464-29-1, to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1441 *et seq.*, and 28 U.S.C. § 1332, and in support hereof, avers as follows:

OCT 0 2 2008

### I.   Procedural Background

1. On or about June 26, 2008, a Writ of Summons was filed in the Court of Common Pleas of Bucks County, Pennsylvania, in the Pennsylvania State Action. On or about August 4, 2008, Defendant College Board received a copy of the Writ of Summons by mail. A true and

correct copy of the Writ of Summons is attached hereto at Exhibit A. No complaint was filed with the Writ of Summons.

2. As of August 22, 2008, still no complaint had been filed in the Pennsylvania State Action. Defendant College Board therefore filed and served a Praecipe for Rule to File Complaint in accordance with Pennsylvania Rule of Civil Procedure 1037(a). On that same day, the Rule requiring plaintiff Vantage Technologies Knowledge Assessment, L.L.C. ("Vantage") to file a complaint within 20 days was issued by the Bucks County Court of Common Pleas. A true and correct copy of the executed Praecipe and Rule to File Complaint are attached hereto at Exhibit B.

3. On or about September 12, 2008, Vantage filed in the Bucks County Court of Common Pleas and served by regular mail the Civil Action Complaint (the "Complaint") in the Pennsylvania State Action. Defendant College Board received a copy of the Complaint by regular mail on or about September 16, 2008.[1] The Complaint purports to set forth claims for unjust enrichment, breach of contract, fraud, negligent misrepresentation, and "false prosecution of arbitration" based on alleged contracts under which Vantage would provide certain "software application services" to College Board. A true and correct copy of the Complaint is attached hereto at Exhibit C.

4. The Writ of Summons (Exh. A), Praecipe for Rule to File Complaint (Exh. B) and Civil Action Complaint (Exh. C) constitute all of the papers and pleadings served to date in the Pennsylvania State Action.

---

[1] Counsel for Vantage also forwarded a copy of the Complaint to undersigned counsel via electronic mail on or about September 12, 2008. However, the applicable Pennsylvania Rules of Civil Procedure do not permit service by electronic mail.

## II.     Notice of Removal is Timely

5.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) insofar as the initial pleading was filed and served no earlier than September 12, 2008. *See Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214 (3d Cir.2005).

6.      As of the date of the filing of this Notice of Removal, no further proceedings have been had in the Court of Common Pleas of Bucks County, Pennsylvania.

## III.    Diversity Jurisdiction

7.      Vantage is a citizen of Delaware and Pennsylvania insofar as it is organized under the laws of the State of Delaware and has its principal place of business in Pennsylvania.

8.      College Board is a citizen of the State of New York insofar as it is organized under the laws of New York and also has its principal place of business in New York.

9.      The value of the matters in controversy, as appearing from the allegations contained in the Complaint, exceeds $75,000.00, exclusive of interests and costs.[2]

---

[2] The Complaint in the Pennsylvania State Action does not identify a specific amount in controversy, but rather merely sets forth a request for "compensatory damages in an amount in excess of ($50,000)" in connection with each of its first four Counts, in addition to "an award of punitive damages, plus interest, costs and attorneys' fees, and further relief as this Honorable Court shall deem just and appropriate." *See* Exh. C at pp. 6, 7, 8, 9. As such, the amount in controversy should be determined based upon a "reasonable reading" of the Complaint. *See Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002); *see also Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("Given that the complaint does not limit its request for damages to a precise monetary amount, the district court properly made an independent appraisal of the value of the claim....") (footnote and citation omitted). Here, Vantage makes four separate claims for compensatory damages for the "reasonable value" of its services from July 2002 through July 2008 – which it claims in connection with each Count "exceeds in excess of ($50,000)," *id.* at ¶ 28-29 – in addition to damages purportedly incurred in the defense of College Board's arbitration claim, including an $8000 filing fee, *id.* at p. 10, plus unspecified attorneys' fees and punitive damages, *id.* at 9 & 10. Although Defendant College Board denies that it has any liability to Vantage whatsoever and does not waive any objections to or concede the sufficiency or legitimacy of Plaintiff Vantage's purported claims, the nature and extent of these alleged injuries and damages reasonably suggests, for the purposes of this Notice of Removal, that Vantage is seeking in excess of $75,000 in damages.

10. Because there is complete diversity of citizenship, and the alleged amount in controversy exceeds $75,000, this Court has jurisdiction over this Action pursuant to 28 U.S.C. § 1332(a)(1).

### IV. Venue and Procedure

11. Pursuant to 28 U.S.C. § 1442(a), removal to the United States District Court for the Eastern District of Pennsylvania is proper because this District embraces the Court of Common Pleas for Bucks County, Pensylvania. *See* 28 U.S.C. § 118.

12. Pursuant to 28 U.S.C. § 1446(d), Defendant College Board will promptly file a copy of this Notice of Removal with the Court of Common Pleas of Bucks County, Pennsylvania, and will promptly give written notice of the removal to plaintiff through its attorney of record in the Pennsylvania State Action.

**WHEREFORE**, Defendant College Board respectfully request that this Action proceed before this Court as an action properly removed pursuant to 28 U.S.C. § 1441 *et seq.*, and 28 U.S.C. § 1332.

Dated this 2nd day of October, 2008.

Respectfully Submitted,

HOGAN & HARTSON, LLP

David Newmann, Esquire
Pa. Attorney I.D. No. 82401
Stephen A. Loney, Esquire
Pa. Attorney I.D. No. 202535
HOGAN & HARTSON, LLP
1835 Market Streets, 29th Floor
Philadelphia, PA  19103
(267) 675-4600
*Attorneys for Defendant*
*College Entrance Examination Board*

## CERTIFICATE OF SERVICE

I, Stephen A. Loney, hereby certify that, on the date set forth below, I caused a true and correct copy of the foregoing Notice of Removal via U.S. Mail and electronic mail, upon the following counsel of record:

>Kenneth J. Lafiandrea, Esq.
>klafiandra@vantage.com
>110 Terry Drive, Suite 100
>Newtown, PA 18940
>*Counsel for Plaintiffs*
>*Vantage Technologies Knowledge Assessment, L.L.C.,*
>*d/b/a Vantage Learning*

Date: October 2, 2008

Stephen A. Loney